**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARY E. ISRAEL,

       Plaintiff,

vs.                                                                                            No. CIV 08-0339 JB/LFG

JARRET I. GLASSCOCK, individually and
as personal representative for the Estate of
Keith C. Glasscock,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Plaintiff's Motion to Amend Response to Request for Admission No. 22, filed November 12, 2008 (Doc. 69)("Motion to Amend"). The Court held a hearing on December 30, 2008. The primary issue is whether the Court should allow Plaintiff Mary E. Israel to amend her answer to a request for admission, which stated: "Plaintiff can neither admit nor deny the allegations as written. The MOU permitted the parties to terminate the agreement; the agreement was terminated, relieving plaintiff of her obligations thereunder." Motion to Amend ¶ 2, at 1 (quoting Request for Admission No. 22). Israel seeks to amend her response to state that only portions of the Memorandum of Understanding ("MOU") were terminated, not the entire MOU. See Motion to Amend ¶ 3, at 2. For the reasons stated at the hearing and other reasons consistent with those already stated, the Court will grant the motion.

       "A matter <u>admitted</u> under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). The Court may permit the withdrawal or amendment of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the

requesting party in maintaining or defending the action on the merits." Id. Israel's response did not formally admit that the MOU was terminated. Nor did she properly plead lack of knowledge or information as a reason for filing to admit or deny and provide the appropriate language that rule 36(a)(4) requires in such circumstances. See Fed R. Civ. P. 36(a)(4). Rather, she made the statement she now regrets in an attempt to comply with rule 36(a)(4): "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Id. (emphasis added). Moreover, the response was made to a request phrased: "You did not perform all obligations to be performed by you under the MOU." Motion to Amend at 1 (quoting Request for Admission No. 22). Israel did not admit or deny the request, but gave the statement she now seeks to amend as an explanation for not answering the request.

Israel's explanatory statement may not itself be a rule 36 admission, but remains a sworn statement under oath. The Court believes that the statement is more in the nature of testimony or a sworn statement and does not conclusively establish that the entire MOU was terminated. Moreover, the Court believes that the rule 36(b) test would be met regardless. The Court believes that will it aid the presentation of the issues on the merits for Israel to be able to present her story without having it procedurally defaulted as a result of her choice of language in explaining a decision to not answer a request for admission. Additionally, the Court is not convinced that Defendant Jarret I. Glasscock would be prejudiced in allowing this amendment. Israel has been inconsistent on the validity of the MOU and he can use this against her a trial. Jarret Glasscock has consistently taken the position that the MOU is a nullity and has previously presented evidence aside from this admission supporting that point. Jarret Glasscock has not filed any motions relying on the response. The Court has not relied on either the validity or invalidity of the MOU in its rulings to date. In the one motion involving the response, in which Jarret Glasscock submitted the response

as evidence at the end of the hearing, the Court did not find the response significant to its analysis. See Memorandum Opinion and Order at 26, entered January 7, 2008 (Doc. 95). In light of these facts, the Court does not see the amendment as causing any real prejudice to Jarret Glasscock's case. Furthermore, he will remain free to use the original response's language to impeach Israel's testimony at trial.

**IT IS ORDERED** that the Plaintiff's Motion to Amend Response to Request for Admission No. 22 is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Thomas A. Simons, IV
Faith Kalman Reyes
Simons & Slattery, LLP
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Michael J. Moffett
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

    *Attorneys for the Defendant*