IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY E. ISRAEL,

      Plaintiff,

vs.                                                                                           No. CIV 08-0339 JB/LFG

JARRET I. GLASSCOCK, individually and
as personal representative for the Estate of
Keith C. Glasscock,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine, filed November 21, 2008 (Doc. 73). The Court held a hearing on December 30, 2008. The primary issues are whether the Court should exclude from trial several alleged oral modifications or agreements between Plaintiff Mary E. Israel and Keith C. Glasscock because: (i) the Statute of Frauds bars such statements; (ii) the integration clause in the Real Estate Purchase Agreement ("REPA") and the parol-evidence rule bar such statements; and (iii) such statements from Keith Glasscock are inadmissible hearsay. Because Israel seeks to use the statements for the purposes of showing ambiguity in the Memorandum of Understanding ("MOU"), in the REPA, and in the Addendum to the Real Estate Agreement ("Addendum"), and for construing those three documents, rather than for establishing modifications or independent agreements, the Statute of Frauds and the parol-evidence rule do not bar the statements. Keith Glasscock's estate is not a party to this case, however, so Israel will not be able to rely on the exception for admissions to introduce those statements at this time. If Israel seeks to introduce the statements for non-hearsay purposes at trial, the Court will rule on the admissibility of those statements in the context in which they are

presented. Accordingly, the Court will deny the motion without prejudice to Defendant Jarret I. Glasscock renewing his hearsay objection if Israel offers the out-of-court statements for the truth asserted therein and there is no appropriate exception for admissibility.

## PROCEDURAL BACKGROUND

Jarret Glasscock moves for the Court to exclude all "alleged oral modifications to the MOU, REPA and Addendum" from trial on the grounds of the Statute of Frauds, the REPA's integration clause, and the rule against hearsay. He argues that the Statute of Frauds requires all contracts for the sale of real estate to be in writing, as well as all modifications to such contracts. Therefore, he contends, oral modifications to the MOU, the REPA and the Addendum are invalid. Jarret Glasscock then notes that the REPA's integration clause states: "This document contains the entire agreement of the parties and supersedes all prior discussions, negotiations and understandings between the parties with respect to Property which are not expressly set forth herein and shall survive and not merge into any conveyance herein contemplated." Motion at 2 (quoting REPA § 18, at 4). Because the REPA also requires any modifications to be in writing, he contends that the "parol evidence rule mandates the exclusion of 'evidence which contradicts or changes the terms of a document intended as a complete integration of the parties' agreement on a particular subject.'" Motion at 2 (quoting Taylor v. Allegretto, 112 N.M. 410, 413, 816 P.2d 479, 482 (1991)). Finally, Jarret Glasscock argues that any oral modifications involving statements the deceased Keith Glasscock made are inadmissible hearsay. Jarret Glasscock asserts that Israel is offering such statements for the truth and they thus constitute hearsay. See Motion at 3 (citing Fed. R. Evid. 802).

Israel contests the application of the Statute of Frauds here. She construes Jarret Glasscock's objection to be to her tenancy, which she notes that she believes the MOU covers, and argues that the part-performance exception applies, because she has "remained on the property, she has


extensively improved and maintained the property, and paid no rent.  She has also paid taxes on the property, undertaken and paid for large construction projects . . . ."  Plaintiff's Response to Defendant's Motion in Limine, filed December 5, 2008 (Doc. 79)("Response").  Relying on Candelaria v. Sandoval, 84 N.M. 387, 503 P.2d 1165 (1972), and Montoya v. New Mexico Human Services Dep't, 108 N.M. 263, 771 P.2d 196 (Ct. App. 1989), Israel maintains that her part performance would take the oral modifications out of the Statute of Frauds and that the issue is thus one for the trier of fact and should not be excluded from trial.  See Response at 3-4.

Israel states that it is unclear what Jarret Glasscock "contends are 'oral modifications' to the written agreement of the parties (in this case, apparently limited to the REPA)."  Response at 4.  Israel argues that she is not seeking "to introduce evidence to controvert the terms of the written agreements, but instead to resolve (1) whether there is an ambiguity and if so (2) what the parties' intended."  Response at 6.  "This type of evidence," she contends, "is both permissible and necessary under New Mexico law."  Id.

Finally, Israel argues that Keith Glasscock's statements are not hearsay, but admissions under rule 801(d)(2)(A). Relying upon the United States Court of Appeals for the Tenth Circuit case of Phillips v. Grady County Bd. of County Comm'rs, 92 Fed. Appx. 692 (10th Cir. 2004) (unpublished), she contends that where a decedent's estate is the party to an action, the decedent's statements fall within the admission exception to the hearsay rule.  See Response at 6.  She argues that Keith Glasscock's estate is a party to this lawsuit and therefore Keith Glasscock's statements are admissions.

In reply, Jarret Glasscock identifies four particular modifications or statements that he contends the Court should exclude.  He also maintains that the part-performance exception requires clear-and-convincing evidence.  Moreover, he asserts, the part performance must be "referable" to

the alleged contract, meaning that the performance "must be evidential of the existence of the contract and not readily explainable on any other ground. […] If the acts could have been performed for another reason, then the existence of an oral contract is left in doubt." Reply in Support of Defendant's Motion in Limine at 2, filed December 22, 2008 (Doc. 89)("Reply")(quoting Candelaria v. Sandoval, 84 N.M. at 389, 503 P.2d at 1167)(omission in Reply).

Jarret Glasscock first challenges the alleged oral agreement allowing Israel to remain rent-free on the Alameda property as a caretaker. He argues that Israel has not shown any performance on Keith Glasscock's part, contrary to her assertion that both engaged in performance, and that her statements are that she relied on the MOU and REPA in performing. See Reply at 2. Israel's performance, Jarret Glasscock contends, is thus readily referable to those written documents, and "her alleged oral tenancy agreement" is within the Statute of Frauds. Reply at 3.

Jarret Glasscock argues that the second oral agreement involving various improvements to the Alameda property falls within the Statute of Frauds for the same reason that the first agreement does. He contends that the MOU enumerates nine specific improvements to be made and limits Keith Glasscock's costs for those improvements to $60,000.00. See Reply at 3. He maintains that the Statute of Frauds bars any alleged agreements about improvements beyond those listed in the MOU. Jarret Glasscock also contends that a third alleged oral agreement, which Israel believes entitles her to $104,000.00 for supervising construction, is similarly barred. See Reply at 4. Finally, he maintains that a fourth agreement, regarding Israel's renting out the guesthouse, is also within the Statute of Frauds. See Reply at 4.

Jarret Glasscock then argues that Israel's reliance on Candelaria v. Sandoval is misplaced. He contends that, in Candelaria v. Sandoval part performance was not enough; an admission and the testimony of four witnesses about the existence of an oral agreement was also the basis of the

holding. Jarret Glasscock argues that Israel's part performance is less than the part performance in Candelaria v. Sandoval, and that Israel has failed to produce any other witnesses to the alleged agreements. He also argues that Israel's performance is not as great as the part performance in Montoya v. New Mexico Human Services Dep't and that, additionally, Israel has not challenged that Keith Glasscock continued to exercise authority over the Alameda property while she resided there. See Reply at 5.

Jarret Glasscock next argues that Israel has not disputed that the parol-evidence rule bars the modifications, but has instead sought to rely on using extrinsic evidence to clear up ambiguities. See Reply at 6. Jarret Glasscock contends that the REPA is not ambiguous. Read as a whole, he maintains, the REPA does not allow Israel a right to continue living on the Alameda property and Israel's proposed interpretation creates an unreasonable conflict between provisions in the REPA. See Reply at 6-7.

Finally, Jarret Glasscock argues that Keith Glasscock's estate is not a party to the litigation. He notes that no proof of service on the estate has been filed and the estate has not entered an appearance. See Reply at 7. Jarret Glasscock argues that, even if the estate were a party, Israel's assertion that the statements are not hearsay is "belied by her assertion that they are hearsay in response to Defendant's pending Motion for Summary Judgment." Reply at 7.

## **ANALYSIS**

Because Israel states that she is seeking to use the statements which Jarret Glasscock is attempting to exclude for the purpose of demonstrating ambiguity and the intent of the parties to the written agreements, this Court's previous opinion, see Memorandum Opinion and Order, entered January 7, 2008 (Doc. 95)("MOO"), largely disposes of the issue. Evidence offered for that limited purpose, rather than for showing the existence of a separate contract or for a modification to a

written contract, avoids the Statute of Frauds and the parol-evidence rule. The admission exception, however, will not allow Israel to introduce Keith Glasscock's statements under rule 801(d)(2)(A) because Keith Glasscock's estate has not been served.

The Statute of Frauds does not require the Court to exclude the four alleged oral modifications that Jarret Glasscock has identified. As the Court understands Israel's position, she is asserting that the various statements Jarret Glasscock challenges are meant only to demonstrate ambiguity in the written agreements and show the intent of the parties to the contracts. See Response at 6. While Israel's comments on the limited purpose of the statements come when she is discussing the parol-evidence rule, the Court believes that Israel's comments are important for the Statute of Frauds issue as well. As the Court has noted in an earlier opinion in this case, the Statute of Frauds requires most real-estate agreements to be in writing. See MOO at 18-19. Jarret Glasscock is also correct that modifications to agreements within the Statute of Frauds must also be in writing. Israel, however, is not seeking to modify the written agreements or to establish separate oral agreements. She is offering the statements as extrinsic evidence only to aid in the interpretation of the written agreements. This approach takes the statements out of the Statute of Frauds. See MOO at 18-19. The Court notes that allowing in these statements does not make an end-run around the Statute of Frauds. Israel's approach escapes the Statute of Frauds, but also tethers her to the written documents: her proposed interpretations cannot vary or contradict the terms of the agreements.

To the extent that Israel might attempt to use the statements to establish independent oral agreements, she will have to confront the Statute of Frauds. Israel argues that the statements are not within the Statute of Frauds because of the doctrine of part performance. Jarret Glasscock counters that Israel's part performance is not referable to the oral agreements, but to the written contracts, and

-6-

that Israel's reliance on <u>Candelaria v. Sandoval</u> and <u>Montoya v. New Mexico Human Services Dep't</u> is misplaced. Whether Israel's alleged part performance would be referable to the oral agreements depends upon whether the acts are "evidential of the existence of the contract[s] and not readily explainable on any other ground." <u>Candelaria v. Sandoval</u>, 84 N.M. at 389, 503 P.2d at 1167. This standard is fact sensitive and the Court cannot, on a motion in limine, say that the facts that would be shown at trial would not support a showing that the performance was only in reliance on the oral agreements.[1] The Court also does not read <u>Candelaria v. Sandoval</u> as holding that part performance is ineffective to avoid the Statute of Frauds. Rather, the <u>Candelaria v. Sandoval</u> court expressed skepticism that the part-performance evidence at trial would show that the performance was referable to the alleged oral contract, but found that there was ample other evidence of a contract. <u>See</u> 84 N.M. at 389, 503 P.2d at 1167. While this holding emphasizes the difficulties of succeeding on a part-performance claim at trial, it also supports that resolution of such issues is primarily factual and not suitable for being disposed of through a motion in limine. <u>Montoya v. New Mexico Human Services Dept., Income Support Div.</u> is similar. That case did not require a lack of exercise of control over the property in question, nor did the case hold that an exercise of control was conclusive evidence against the existence of an oral contract; rather the New Mexico Court of Appeals found sufficient evidence to support an oral gift of property. <u>See</u> <u>id.</u>, 108 N.M. at 266-67, 771 P.2d at 199-200 ("There was substantial evidence in the record as a whole that Maria held legal title subject to a claim of equitable title in her children.").

---

[1] The Court notes that Israel does seem to have adopted the position that her performance was in reliance on the written agreements. That position is consistent with her position that she is seeking only to show ambiguities in the written agreements and have them interpreted favorable to her. The Court is only explaining here what Israel would have to show at trial if she adopted the stance that the oral statements were separate agreements -- a position that given her apparent approach is likely to be difficult to support.

The Court also does not believe that the statements Jarret Glasscock identifies necessarily run afoul of the parol-evidence rule. The Court's earlier opinion explains that the parol-evidence rule does not abrogate the New Mexico approach to determining whether a contract is ambiguous through the use of extrinsic evidence. See MOO at 18. Again, Israel contends that she is not seeking to contradict the terms of the various written agreements, but rather is attempting to show ambiguities in those contracts. See Response at 6. The Court must therefore first hear the evidence that Israel will offer to determine whether the contracts are ambiguous. See Mark V, Inc. v. Mellekas, 114 N.M. at 781, 845 P.2d at 1235. Consistent with Mark V, Inc. v. Mellekas and the parol-evidence rule, the Court will hear the evidence regarding the statements to determine whether the contracts at issue are ambiguous in light of the extrinsic evidence, and if they are, will consider the evidence as part of construing those ambiguous contracts to give effect to the parties' intent. The Court will not, however, allow Israel's evidence to add new terms, or to vary or contradict the terms that are contained in the written agreements.

Finally, the Court agrees with Jarret Glasscock that there is no indication that Keith Glasscock's estate has been served and is a party to this action. Accordingly, Israel cannot rely on rule 801(d)(2)(A) as a basis for introducing Keith Glasscock's statements unless the estate is brought into this action. There may be other grounds for introducing the statements without the hearsay rule barring them. If Israel attempts to introduce those statements at trial for a non-hearsay purpose[2] or

---

[2] Generally, the introduction of a contract and its terms is not hearsay. See 2 MCCORMICK ON EVID. § 249 (6th ed.)("When a suit is brought for breach of a written contract, no one would think to object that a writing offered as evidence of the contract is hearsay. Similarly, proof of oral utterances by the parties in a contract suit constituting the offer and acceptance which brought the contract into being are not evidence of assertions offered testimonially but rather verbal conduct to which the law attaches duties and liabilities."). If Israel is introducing the statements to show a contract or its terms, it may be that the statement is not hearsay.

for a hearsay purpose within some other exception, the Court will hear the parties' arguments on admissibility within the specific context in which the statements are presented.

**IT IS ORDERED** that the Defendant's Motion in Limine is denied. The Court will not exclude the alleged oral agreements on the basis of the Statute of Frauds or the parol-evidence rule. The Court will, at the present time, decline to exclude statements made by Keith Glasscock, without prejudice to Defendant Jarret I. Glasscock seeking to again bar them at trial if Plaintiff Mary E. Israel fails to identify a non-hearsay purpose or to bring the statements within an exception to the hearsay rule.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Thomas A. Simons, IV
Faith Kalman Reyes
Simons & Slattery, LLP
Santa Fe, New Mexico

      *Attorneys for the Plaintiff*

Michael J. Moffett
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

      *Attorneys for the Defendant*